## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NICE | ) | CASE NO. 5:18-cv-1565 |
| Plaintiff | ) | |
| v. | ) | JUDGE SARA LIOI |
| CITY OF AKRON, *et al.* | ) | **ANSWER** |
| Defendants | ) | **JURY DEMAND ENDORSED HEREIN** |

Now come Defendants, City of Akron, Daniel Horrigan and Kenneth Ball, by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, state as follows:

### FIRST DEFENSE

1.  Defendants deny the allegations in Paragraph One (1) of the Complaint.

2.  Defendants deny the allegations in Paragraph Two (2) of the Complaint.

3.  Defendants deny the allegations in Paragraph Three (3) of the Complaint.

4.  Defendants deny the allegations in Paragraph Four (4) of the Complaint.

5.  Defendants deny the allegations in Paragraph Five (5) of the Complaint.

6.  Defendants admit that James Nice was appointed Chief of Police on June 6, 2011 and held that position until his resignation on August 27, 2018;  Defendants either deny the remaining allegations in Paragraph Six (6) of the Complaint or are without information or knowledge to admit or deny the allegations and therefore deny the same at this time.

7.  Defendants admit that Daniel Horrigan was at all material times the Mayor of the City of Akron, over the age of majority, residing in Summit County, Ohio and acting in his

1

        official capacity; Defendants deny the remaining allegations in Paragraph Seven (7) of the Complaint.

8. Defendants admit that Kenneth Ball was at all material times over the age of majority and residing in Summit County, Ohio; Defendants deny the remaining allegations in Paragraph Eight (8) of the Complaint.

9. Defendants admit the allegations in Paragraph Nine (9) of the Complaint.

10. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Ten (10) of the Complaint, and therefore deny the same at this time.

11. Defendants deny the allegations in Paragraph Eleven (11) of the Complaint.

12. Defendants admit that venue is proper and deny the remaining allegations in Paragraph Twelve (12) of the Complaint.

13. Defendants deny the allegations in Paragraph Thirteen (13) of the Complaint.

14. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Fourteen (14) of the Complaint, and therefore deny the same at this time.

15. Defendants admit that Plaintiff was hired after the Police Executive Research Forum assisted the City of Akron in identifying candidates for Chief of Police; Defendants deny the remaining allegations in Paragraph Fifteen (15) of the Complaint.

16. Defendants admit that Mayor Horrigan appointed Charles Brown Assistant to the Mayor and Director of Public Safety for the City of Akron; Defendants are without information or knowledge to admit or deny the remaining allegations in paragraph Sixteen (16) of the Complaint, and therefor deny the same at this time.

17. Defendants deny the allegations in Paragraph Seventeen (17) of the Complaint.

18. Defendants deny the allegations in Paragraph Eighteen (18) of the Complaint.

19. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Nineteen (19) of the Complaint, and therefore deny the same at this time.

20. Defendants deny the allegations in Paragraph Twenty (20) of the Complaint.

21. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Twenty-one (21) of the Complaint, and therefore deny the same at this time.

22. Defendants deny the allegations in Paragraph Twenty-two (22) of the Complaint.

23. Defendants admit that the Akron Police Department investigated Joseph Nice and deny the remaining allegations in paragraph Twenty-three (23) of the Complaint and therefore deny the same at this time.

24. Defendants deny the allegations in Paragraph Twenty-four (24) of the Complaint.

25. Defendants deny the allegations in Paragraph Twenty-five (25) of the Complaint.

26. Defendants deny the allegations in Paragraph Twenty-six (26) of the Complaint.

27. Defendants admit that Plaintiff resigned as Chief of Police and deny the remaining allegations in Paragraph Twenty-seven (27) of the Complaint.

28. Defendants deny the allegations in Paragraph Twenty-eight (28) of the Complaint.

29. Defendants are without information or knowledge to admit or deny the allegations in Paragraph Twenty-nine (29) of the Complaint, and therefore deny the same at this time.

30. Defendants deny the allegations in Paragraph Thirty (30) of the Complaint.

31. Defendants deny the allegations in Paragraph Thirty-one (31) of the Complaint.

32. Defendants deny that Defendants made any untrue allegations and are without information or knowledge to admit or deny the remaining allegations in Paragraph Thirty-two (32) of the Complaint, and therefore deny the same at this time.

33. Defendants deny the allegations in Paragraph Thirty-three (33) of the Complaint.

34. Defendants deny the allegations in Paragraph Thirty-four (34) of the Complaint.

35. Defendants deny the allegations in Paragraph Thirty-five (35) of the Complaint.

36. The allegations in Paragraph Thirty-six (36) are not directed at the answering Defendants; if a response is necessary, Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-six (36) or the Complaint, and therefore deny the same at this time.

37. The allegations in Paragraph Thirty-seven (37) are not directed at the answering Defendants; if a response is necessary, Defendants are without information or knowledge to admit or deny the allegations in Paragraph Thirty-seven (37) or the Complaint, and therefore deny the same at this time.

38. Defendants deny the allegations in Paragraph Thirty-eight (38) of the Complaint.

39. Defendants incorporate their responses to Paragraph One (1) through Thirty-eight (38) in response to Paragraph Thirty-nine (39) of the Complaint.

40. Defendants deny the allegations in Paragraph Forty (40) of the Complaint.

41. Defendants deny the allegations in Paragraph Forty-one (41) of the Complaint.

42. Defendants deny the allegations in Paragraph Forty-two (42) of the Complaint.

43. Defendants deny the allegations in Paragraph Forty-three (43) of the Complaint.

44. Defendants deny the allegations in Paragraph Forty-four (44) of the Complaint.

45. Defendants deny the allegations in Paragraph Forty-five (45) of the Complaint.

46. Defendants deny the allegations in Paragraph Forty-six (46) of the Complaint.

47. Defendants deny the allegations in Paragraph Forty-seven (47) of the Complaint.

48. Defendants incorporate their responses to Paragraphs One (1) through Forty-seven (47) in response to Paragraph Forty-eight (48) of the Complaint.

49. Defendants deny the allegations in Paragraph Forty-nine (49) of the Complaint.

50. Defendants deny the allegations in Paragraph Fifty (50) of the Complaint.

51. Defendants deny the allegations in Paragraph Fifty-one (51) of the Complaint.

52. Defendants deny the allegations in Paragraph Fifty-two (52) of the Complaint.

53. Defendants deny the allegations in Paragraph Fifty-three (53) of the Complaint.

54. Defendants deny the allegations in Paragraph Fifty-four (54) of the Complaint.

55. Defendants incorporate their responses to Paragraphs One (1) through Fifty-four (54) in response to Paragraph Fifty-five (55) of the Complaint.

56. Defendants deny the allegations in Paragraph Fifty-six (56) of the Complaint.

57. Defendants deny the allegations in Paragraph Fifty-seven (57) of the Complaint.

58. Defendants deny the allegations in Paragraph Fifty-eight (58) of the Complaint.

59. Defendants deny the allegations in Paragraph Fifty-nine (59) of the Complaint.

60. Defendants incorporate their responses to Paragraphs One (1) through Fifty-nine (59) in response to Paragraph Sixty (60) of the Complaint.

61. Defendants deny the allegations in Paragraph Sixty-one (61) of the Complaint.

62. Defendants deny the allegations in Paragraph Sixty-two (62) of the Complaint.

63. Defendants deny the allegations in Paragraph Sixty-three (63) of the Complaint.

64. Defendants incorporated their responses to Paragraphs One (1) through Sixty-three (63) in response to Paragraph Sixty-four (64) of the Complaint.

65. Defendants admit that the text of R.C. 2307.60(A)(1) speaks for itself in response to the allegations in Paragraph Sixty-five (65) of the Complaint.

66. Defendants admit that the text of R.C. 2921.03(A) speaks for itself in response to the allegations in Paragraph Sixty-six (66) of the Complaint.

67. Defendants deny the allegations in Paragraph Sixty-seven (67) of the Complaint.

68. Defendants deny the allegations in Paragraph Sixty-eight (68) of the Complaint.

69. Defendants deny the allegations in Paragraph Sixty-nine (69) of the Complaint.

70. Defendants deny all Wherefore clauses and prayers for relief.

71. Defendants deny each and every other allegation not heretofore admitted as true.

## SECOND DEFENSE

72. Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

73. Defendants assert the immunities, defenses and privileges under Chapter 2744 of the Ohio Revised Code.

## FOURTH DEFENSE

74. Defendants assert any and all other statutory and common law immunities.

## FIFTH DEFENSE

75. With regard to Plaintiff's causes of action under 42 U.S.C. §1983 against Defendants in their individual capacity, if at all, Defendants assert qualified immunity from liability.

## SIXTH DEFENSE

76. Plaintiff's Defamation and Invasion of Privacy/False Light claims are barred by absolute and/or qualified privilege, including the public/common interest privileges.

## SEVENTH DEFENSE

77. Truth is an absolute defense to Defamation and Invasion of Privacy/False Light claims.

## EIGHTH DEFENSE

78. Plaintiff's Defamation and Invasion of Privacy/False Light claims are barred by the innocent construction rule.

## NINTH DEFENSE

79. Opinion and Fair Comment are privileged and not actionable in Defamation and Invasion of Privacy/False Light claims.

## TENTH DEFENSE

80. Defendants' actions were within the course and scope of official duties and pursuant to Akron City Charter.

## ELEVENTH DEFENSE

81. Some or all of Plaintiff's claims are barred by waiver, estoppel, laches and unclean hands.

## TWELFTH DEFENSE

82. Plaintiff's own actions and/or omissions are the proximate cause of his damages, if any.

## THIRTEENTH DEFENSE

83. Plaintiff failed to mitigate damages.

### FOURTEENTH DEFENSE

84. Plaintiff's Defamation and Invasion of Privacy/False Light claims are barred by the Fair Report Privilege.

### FIFTEENTH DEFENSE

85. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### SIXTEENTH DEFENSE

86. Plaintiff's First Amendment Retaliation claim fails because Plaintiff did not engage in constitutionally protected speech.

### SEVENTEENTH DEFENSE

87. Plaintiff's First Amendment Retaliation claim fails because Plaintiff did not suffer an adverse action.

### EIGHTEENTH DEFENSE

88. Plaintiff's First Amendment Retaliation claim fails because there is no causal connection between any alleged constitutionally protected speech and any purported adverse action.

### NINETEENTH DEFENSE

89. Defendants assert the defense of advice of counsel.

## **TWENTIETH DEFENSE**

90. Defendants reserve the right to assert any additional affirmative defenses that become apparent during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the claims be dismissed, and costs assessed to Plaintiff.

Respectfully submitted,

EVE V. BELFANCE
Director of Law

/S/ John Christopher Reece
John Christopher Reece - No. 0042573
JReece@akronohio.gov
Michael J. Defibaugh – No. 0072683
MDefibaugh@akronohio.gov
Assistant Directors of Law
161 S. High Street, Suite 202
Akron, OH  44308
(330) 375-2030 FAX:  (330) 375-2041
Attorneys for Defendants

## **JURY DEMAND**

Defendants demand trial by jury in the maximum number of jurors permitted by law for each claim and cause of action.


/S/John Christopher Reece
John Christopher Reece – No. 0042573

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing Answer was filed electronically on this 7th day of September, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/John Christopher Reece
John Christopher Reece – No. 0042573
