IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NICE, | ) | CASE NO.: 5:18-cv-01565 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **NON-PARTIES MATTHEW MEYER** |
| CITY OF AKRON, *et al.,* | ) | **AND CUYAHOGA COUNTY** |
| | ) | **PROSECUTOR'S OFFICE MOTION** |
| Defendants. | ) | **TO QUASH SUBPOENAS AND FOR** |
| | ) | **PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 45(d)(3), and the trial preparation, attorney-client, and work-product-doctrines, Non-Parties Matthew Meyer ("Meyer")[1] and the Cuyahoga County Prosecutor's Office ("CCPO"), by and through undersigned counsel, respectfully move this Court for an order that quashes the deposition subpoena and the subpoena *duces tecum* served upon them by Plaintiff, copies of which are attached hereto as Exhibits A and B, and for a protective order.

**I.      INTRODUCTION**

Plaintiff's deposition subpoena sought to depose Non-Party Meyer on May 22, 2019, and demanded production of "[a]ll correspondences, electronic or otherwise, including text messages, to or from any agent of the Akron Police Department regarding James Nice from August 27, 2017, until the present." Plaintiff's subpoena *duces tecum* was issued to the Cuyahoga County Prosecutor's Office and seeks "[a]ll correspondences, including emails, between any agent of the Cuyahoga County Prosecutor's Office and any agent of the Akron Police Department regarding James Nice from August 27, 2017, until the present. Also produce the complete phone records for

---

[1] Currently serving as a Special Prosecutor in the Office of Ohio Attorney General Dave Yost.

prosecutor Matthew Meyer for July 10, 2018." Those records of the CCPO and Meyer's that Plaintiff does not currently possess (or are otherwise available to him through Defendants in the instant case) are protected by the Trial Preparation, Attorney-Client, and Work Product Privilege Doctrines.  Further, and most importantly, there is a pending Motion to Vacate Plaintiff's Guilty Plea filed by the State of Ohio in Plaintiff's criminal case, *State of Ohio v. James Nice*, Case No. 2018-01-0127, that has not been adjudicated and remains pending in the Summit County Court of Common Pleas.  By agreement of the parties, the deposition of Non-Party Meyer was postponed until May 29, 2019, to allow for a possible resolution of the pending motion in the Summit County Court of Common Pleas, however, the matter could not be resolved and undersigned counsel now files this Motion on behalf of Non-Parties Meyer and CCPO.  See Electronic Mail Correspondence between Brendan Doyle and Shawn Romer, attached as Exhibit C.

## II. LAW AND ARGUMENT

### A. Standard of Review.

Non-Parties Meyer and CCPO respectfully move this Court for an order that quashes Plaintiff's deposition subpoena and the subpoena *duces tecum* and requests that this Court grant a protective order to relieve him from testifying at deposition or trial.  Non-Parties Meyer and CCPO make this request because the subpoenas demand disclosure of privileged or otherwise protected matter and no waiver of any said privileges applies.

Fed. R. Civ. P. 45(d)(3) provides, in pertinent part:

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;

    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

    (iii) **requires disclosure of privileged or other protected matter, if no exception or waiver applies**; or

    (iv) subjects a person to undue burden.

(Emphasis added). "A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010); accord *Phillips v. Philip Morris Cos.*, 2013 U.S. Dist. LEXIS 74150 (N.D. Ohio May 24, 2013) ("The burden of persuasion in a motion to quash a subpoena is borne by the movant."); *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545 (N.D. Ohio Nov. 8, 2012). "In evaluating a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case.'" *Recycled Paper Greetings, Inc. v. Davis*, 2008 U.S. Dist. LEXIS 10649, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008); quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003).

    B.  The Criminal Proceedings in *State v. Nice*, Case No. 2018-01-0127

In the underlying criminal case that is the basis for the instant matter, Plaintiff pled guilty on February 13, 2018, to a single count of Attempted Unlawful Use of Property LEADS in violation of R.C. 2913.04(C) and R.C. 2923.02, which is a first-degree misdemeanor. Then-Assistant Prosecuting Attorney in the Cuyahoga County Prosecutor's Office, Matthew Meyer, served as special prosecutor on the case. As part of his guilty plea, Plaintiff was required to admit his guilt in exchange for the State dropping additional charges against Plaintiff, including Unauthorized Use of LEADS, a fifth-degree felony, and Tampering with Government Records, a

third-degree felony.  Plaintiff also agreed to surrender his Ohio Peace Officer Training Certification and never again work as a law enforcement officer in the State of Ohio.

On July 10, 2018, less than five (5) months after his guilty plea in his criminal case, Plaintiff filed the instant lawsuit and asserted, among other claims, that:

> [f]ollowing Plaintiff's unjustly forced resignation, Defendants utilized Joseph Nice's coerced statements to instigate a bogus criminal prosecution against Plaintiff.
>
> Such unjust prosecution against Plaintiff was initiated and was ultimately transferred to the Cuyahoga County Prosecutor's office for investigation supposedly in an effort to avoid any conflict of interest that the Summit County Prosecutor would have in investigating Plaintiff.
>
> ***
>
> Plaintiff was threatened by prosecutors that he would be charged with a number of serious felonies if Plaintiff did not plead to a misdemeanor charge of misuse of a computer.  This allegation stemmed from Plaintiff's use of a computer database to legitimately investigate a claim made by a victim fraud related to the ownership of a motor vehicle.  Such use of a computer was in no way improper or illegal, but in an effort to avoid further prosecution for more serious meritless offenses and in an attempt to minimize the scathing press coverage he experienced as a result of the meritless prosecution, Plaintiff plead to this charge.

See Plaintiff's Complaint, at ¶¶ 33, 34, and 36.  As a result of Plaintiff essentially withdrawing the guilty plea in his criminal case, on July 10, 2018, Non-Party Meyer filed on behalf of the State of Ohio a Motion to Vacate Guilty Plea Pursuant to Crim R. 32.1.  Non-Party Meyer cited Crim. R. 32.1 and argued in his motion that "a criminal defendant who believes he is innocent and that the evidence against him is 'meritless,' and who believes he was coerced into pleading guilty, should agree that the manifest injustice standard [in Crim. R. 32.1] is satisfied."  See State of Ohio's Motion to Vacate Guilty Plea Pursuant to Crim. R. 32.1 in *State of Ohio v. James Nice*, Case No. 2018-01-0127, attached as Exhibit D.  The State of Ohio moved the court in the criminal case to vacate Plaintiff's guilty plea, restore the case to the court's active docket, and schedule the case for trial.  Id.  Criminal counsel for Plaintiff filed a Brief in Opposition to the State's Motion to

Vacate on July 20, 2018.  See Brief in Opposition to the State's Motion to Vacate in *State of Ohio v. James Nice*, Case No. 2018-01-0127, attached as Exhibit E.  The State of Ohio's Motion to Vacate has not been ruled on and remains pending on the docket of Summit County Common Pleas Court Judge Kelly McLaughlin.

### C. THE SUBPOENA SHOULD BE QUASHED BECAUSE THE RECORDS SOUGHT ARE PROTECTED BY THE ATTORNEY WORK PRODUCT PRIVILEGE.

Non-Parties Meyer and CCPO anticipate that Plaintiff's counsel will inquire during Meyer's deposition as to his internal decision-making process and internal investigation process regarding Plaintiff's criminal case.  The records sought in the subpoena to the CCPO could result in the same information being revealed.  Such questioning will violate the State of Ohio's trial preparation, attorney-client privilege, and work-product protections.  "Discovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . . ;(2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'"  *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).  Meyer's attorney-client privilege prevents him from giving any testimony as to his advice, assessment, or opinions regarding Plaintiff's criminal case.

The testimony of a trial prosecutor in a criminal case is also shielded under the work-product doctrine because it concerns communications between the prosecutor and his agents in preparation for litigation.  Pursuant to Fed. R. Civ. P. 26(b)(3), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant,

surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

    (i) they are otherwise discoverable under Rule 26(b)(1); and

    (ii) the party shows that it has substantial need for the materials to prepare its case and

cannot, without undue hardship, obtain their substantial equivalent by other means." The Sixth Circuit Court of Appeals has also held that:

> [t]he work product doctrine "is distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F.2d at 163 (quoting *United States v. Nobles*, 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 2170 n. 11, 45 L.Ed.2d 141 (1975)). The doctrine is designed to allow an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to protect [his] clients' interests." *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). So-called "fact" work product, the "written or oral information transmitted to the attorney and recorded as conveyed by the client," *In re Antitrust Grand Jury*, 805 F.2d at 163, may be obtained upon a showing of substantial need and inability to otherwise obtain without material hardship. *See Toledo Edison Co. v. G.A. Technologies, Inc*., 847 F.2d 335, 339-40 (6th Cir. 1988). However, absent waiver, a party may not obtain the "opinion" work product of his adversary; i.e., "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *In re Antitrust Grand Jury*, 805 F.2d at 163-64 (citations omitted).

*In re Columbia/HCA Healthcare Corp. v. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002). The purpose of the work-product doctrine is "to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ. R. 26(A); see also, *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶¶ 42-44. *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209 at 210, 744 N.E.2d 154, fn. 2

    In the present matter, Plaintiff's subpoenas are clearly an attempt to "take undue advantage" of Non-Party Meyer's efforts as special prosecutor to thoroughly investigate any and all aspects of Plaintiff's criminal case, which led to Plaintiff pleading guilty. Plaintiff should not be permitted to review the documents from his criminal case as part of his civil lawsuit because

they are privileged.  It should also be noted that, as long as the State of Ohio's Motion to Vacate Plaintiff's Guilty Plea is pending in the Summit County Court of Common Pleas, it is possible that Plaintiff's guilty plea could be vacated and Plaintiff should <u>not</u> get to review the attorney work product of the very special prosecutor who may, one day, try his criminal case.  Further, the validity of the legal arguments and issues raised in Plaintiff's criminal case in Non-Party Meyer's Motion to Vacate and the Brief in Opposition are solely before Summit County Common Pleas Court Judge McLaughlin who should have an opportunity to adjudicate them without the specter of the special prosecutor's work product and strategy being compromised before that adjudication.

Undersigned counsel respectfully asserts that any and all work performed by Non-Party Meyer in Plaintiff's criminal case is his work product and stemmed from his evaluation of the evidence and desired strategic approach (including his mental impressions concerning the evidence) to the litigation therein.  Furthermore, and in a similar vein, any materials prepared by Non-Party Meyer were prepared by virtue of attorney-client privileged communications made during the course of his representation of the State of Ohio and, therefore, said materials are not subject to disclosure.  The attorney-client privilege is "rooted in common sense as well as common law," for "law enforcement operations cannot be effective if conducted in full public view and the public has an interest in minimizing disclosure of documents that would tend to reveal law enforcement investigative techniques or sources." *Commonwealth of Puerto Rico v. US.*, 490 F.3d 50,62-63 (1st Cir.2007), quoting *Black v. Sheraton Corp.*, 564 F.2d 531 (D.C.Cir.1977).

In the instant case, the subpoenas at issue would inescapably implicate the concerns that animate the Trial Preparation, Attorney-Client, and Work Product Privilege Doctrines.  And as stated above, as long as the State of Ohio's Motion to Vacate Plaintiff's Guilty Plea is pending in the Summit County Court of Common Pleas, it is possible that Plaintiff's guilty plea could be

vacated and Plaintiff should not be permitted to review attorney work product of the same special prosecutor who may, one day, try his criminal case.

### III. CONCLUSION

Based on the foregoing, Non-Parties Matthew Meyer and the Cuyahoga County Prosecutor's Office move this Honorable Court to quash Plaintiff's subpoenas and issue a protective order.

                    Respectfully submitted,

                    MICHAEL C. O'MALLEY, Prosecuting Attorney
                    Of Cuyahoga County

By:    /s/ Brendan R. Doyle
         BRENDAN R. DOYLE (0078505)
         Assistant Prosecuting Attorney
         The Justice Center, Courts Tower, 8th Floor
         1200 Ontario Street
         Cleveland, Ohio 44113
         Tel: (216) 443-7795/Fax (216) 443-7602
         bdoyle@prosecutor.cuyahogacounty.us
         *Counsel for Cuyahoga County Assistant*
         *Prosecuting Attorney Matthew Meyer and the*
         *Cuyahoga County Prosecutor's Office*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing will be sent to all parties of record via the Court's electronic filing system on this 29th day of May 2019.

/s/ Brendan R. Doyle
BRENDAN R. DOYLE (0078505)
Assistant Prosecuting Attorney