UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NICE, | ) | CASE NO. 5:18-cv-1565 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**I.  BACKGROUND**

This case was filed by plaintiff James Nice ("Nice") on July 10, 2018, against the City of Akron (the "City"), Mayor Daniel Horrigan ("Horrigan"), and Police Chief Kenneth Ball ("Ball")[1] (collectively, "defendants") (Doc. No. 1); the complaint was amended on December 27, 2018 (Doc. No. 16 ["FAC"]). The FAC set forth one federal claim under 42 U.S.C. § 1983 (alleging that defendants retaliated against Nice for the exercise of his First and Fourteenth Amendment rights) and five causes of action under Ohio law (defamation/defamation *per se*; invasion of privacy/false light; abuse of process; civil liability for criminal acts—false writings; and civil conspiracy), seeking declaratory and equitable relief, compensatory and punitive damages, and attorney's fees and costs, plus interest. Defendants filed an answer to the FAC on January 10, 2019. (Doc. No. 17 ["Answer"].)

The case proceeded according to the Case Management Plan and Trial Order (Doc. No. 12), as amended on March 22, 2019 (extending the fact discovery cutoff from April 30, 2019 to May 30, 2019). In a joint status report filed on July 22, 2019, the parties indicated that all discovery

---

[1] Horrigan and Ball are sued in both their individual and official capacities.

has been completed (Doc. No. 36 at 274[2]), with the exception of discovery that will be affected by the Court's anticipated ruling on a pending motion to quash a subpoena and subpoena *duces tecum*.

The motion to quash was filed on May 29, 2019, by nonparties Matthew Meyer ("Meyer") and the Cuyahoga County Prosecutors Office ("CCPO"). (Doc. No. 29.) They seek to quash subpoenas requiring deposition testimony and production of all correspondence of any kind to or from any agent of the Akron Police Department regarding Nice from August 27, 2017 to the present, as well as the complete phone records of Meyer.

The FAC and the motion to quash are both based on the same set of factual allegations. Nice, who was the Police Chief of the City of Akron from June 8, 2011 to August 26, 2017 (FAC ¶¶ 14, 27), alleges that the defendants engaged in a highly public attack on his character and reputation aimed at "see[ing] that [he] was removed as police chief[,]" both because the newly elected Horrigan "was intent on placing individuals whom he thought would be loyal to him in leadership roles[,]" and because Nice "would not acquiesce out of loyalty to all of Horrigan's requests[.]" (*Id.* ¶¶ 17, 20, 22.) In addition, Nice alleges that, during his tenure as police chief, he "exercised his First Amendment rights to criticize then President O'Bama's [sic] pardoning of convicted criminals and to make protected comments regarding [p]laintiff's opinion that some judges were too lenient in sentencing convicted criminals." (*Id.* ¶ 23.) Nice alleges that "Horrigan disapproved of these comments, prompting Horrigan to find ways to retaliate against [Nice], including pressuring [Nice] to resign without any investigation into allegations made against [Nice] and using Horrigan's influence to instigate a bogus criminal investigation into [p]laintiff." (*Id.* ¶ 24.)

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

Eventually, in a manner outlined in the FAC, a criminal investigation of Nice began, allegedly based on false accusations made by his nephew, who was allegedly seeking to obtain immunity in his own criminal prosecution. (*Id*. ¶ 38.) Nice alleges that "an unjust prosecution" against him was "initiated and was ultimately transferred to the Cuyahoga County Prosecutor's [O]ffice for investigation supposedly in an effort to avoid any conflict of interest that the Summit County Prosecutor would have[.]" (*Id.* ¶ 39.)

Nice alleges that he was "threatened by prosecutors that [he] would be charged with a number of serious felonies if [he] did not plead to a misdemeanor charge of misuse of a computer." (*Id*. ¶ 41.) Although this misuse of a computer "did not occur," Nice states that "in an effort to avoid further prosecution for more serious meritless offenses and in [an] attempt to minimize the scathing press coverage he experienced as a result of the meritless prosecution, [he] plead [sic] to this charge." (*Id.*) Nice claims that the charges against him "were motivated by reasons other than true law enforcement prerogatives." (*Id.* ¶ 42.)

Nice initiated this lawsuit on July 10, 2018, and defendants immediately communicated that fact to the CCPO and "conspired with them to punish [p]laintiff for filing the lawsuit." (*Id.* ¶¶ 44–45.) On July 10, 2018, approximately four hours after the filing of this lawsuit, the CCPO filed a motion to vacate Nice's plea in his criminal case. (*Id.* ¶ 46.)[3] Nice alleges that "[t]his conspiracy . . . was intended to punish [him] for exercising his First Amendment right to free speech as

---

[3] In the motion to quash, movants argue that this Court should quash the subpoenas in part because this motion to vacate the plea remains unresolved by the state court. (Motion to Quash at 190–91.) In opposition, Nice argues that his criminal case is closed, as reflected by a journal entry dated August 23, 2018. (Opposition to Motion at 240; *see also* Doc. No. 31-8.) This whole argument has been rendered moot. On July 25, 2019, the state court issued an order denying the state's motion to vacate the plea, as reflected on the case docket available through the Summit County Clerk's website, of which this Court may take judicial notice. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (Federal courts may take judicial notice of "proceedings in other courts of record.").

asserted in the instant lawsuit, in addition to abuse the criminal process against him in retaliation for filing the instant lawsuit." (*Id.* ¶ 47.)

## II. DISCUSSION

The sole basis for this Court's original jurisdiction is the single § 1983 claim in the third cause of action. The remaining claims are all brought under the Court's supplemental jurisdiction. If the federal claim were not to survive, the Court has discretion (which it would exercise) to dismiss all the state law claims without prejudice. 28 U.S.C. § 1367(c)(3). Therefore, before resolving the contested motion to quash, the Court needs to consider whether the sole federal claim is viable under the known facts of this case, as pleaded in the FAC.

In his third cause of action, Nice alleges as follows, in the entirety:

> 64. Plaintiff realleges and incorporates by reference the paragraphs above, as though fully set forth herein.
>
> 65. In retaliation for Plaintiff exercising his First Amendment rights (as incorporated by the Fourteenth Amendment), as described above, Defendants retaliated and/or adopted a custom, policy, and/or practice of retaliation against Plaintiff.
>
> 66. Defendants violated Plaintiff's constitutional rights, for which they are [sic] afforded a remedy via 42 U.S.C. § 1983.
>
> 67. As a direct result of this retaliation that Defendants engaged in, endorsed and adopted, Plaintiff has suffered damages.
>
> 68. Defendants engaged in the above-described actions recklessly, maliciously, and intentionally entitling Plaintiff to an award of statutory, compensatory, and other damages.

(FAC ¶¶ 64–68.)

These retaliation allegations are not crystal clear but, reading the FAC as a whole (including the allegations incorporated by reference), it appears Nice is alleging that the retaliation he suffered resulted from his refusal to show "loyalty to all of Horrigan's requests" and his

4

"exercise[] [of] his First Amendment rights to criticize[,]" which, in turn, triggered Horrigan's alleged "objective to somehow see that [Nice] was removed as police chief[,]" and Horrigan's alleged use of his "influence to instigate a bogus criminal investigation" and an "unjust" and "meritless" prosecution. (*Id.* ¶¶ 20, 22, 23, 24, 39, 41.)

The motion to quash throws additional light on the facts relating to Nice's prosecution. Nice has not denied these facts in his opposition to the motion. In *State v. Nice*, No. 2018-01-0127, Nice entered a guilty plea on February 13, 2018, to a single count of Attempted Unlawful Use of Property in violation of Ohio Rev. Code §§ 2913.04(C) and 2923.02, a first-degree misdemeanor. Meyer served as the special prosecutor in the case. As part of his guilty plea, Nice was required to admit his guilt in exchange for the State dropping additional charges against him, including a third-degree felony charge and a fifth-degree felony charge. Nice was also required to surrender his Ohio Peace Officer Training Certification and never again work as a law enforcement officer in the State of Ohio. (Doc. No. 29, Motion to Quash, at 189–90.)

As a result of the facts alleged, Nice claims to have suffered damage, for which he seeks a remedy of an award of "economic and non-economic[] damages" as well as equitable relief in the form of "direction to [d]efendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect [p]laintiff[.]" (FAC, Prayer for Relief ¶¶ C, D.)

In light of the above, what is now of concern to the Court (which must be addressed before any question of quashing subpoenas) is whether Nice can maintain a § 1983 claim or whether it may be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) and its progeny. In *Heck*, the Supreme Court held that a person cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence

invalid" unless the person shows that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486–87. When a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Before engaging in further proceedings, the Court will require briefs on the issue raised by *Heck* and its progeny. Since the burden is plaintiff's to show that his § 1983 claim is cognizable, plaintiff's brief shall be first and is due by **August 16, 2019**. Defendants' responsive brief will be due by **August 30, 2019**, and plaintiff's reply by **September 9, 2019**. Thereafter the Court will make its determination.

### III. CONCLUSION

For the reasons set forth above, all proceedings in this case are stayed to allow the Court an opportunity to determine whether the § 1983 claim is cognizable under *Heck v. Humphrey*, *supra*. The parties shall file their briefs as outlined above.

**IT IS SO ORDERED**.

Dated: August 1, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**