IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NICE | ) | CASE NO. 5:18 CV 1565 |
| Plaintiff | ) | |
| v. | ) | JUDGE: SARA LIOI |
| CITY OF AKRON, et al. | ) | **DEFENDANTS' MEMORANDUM IN RESPONSE TO 8/1/19 COURT ORDER** |
| Defendants | ) | |

Now come Defendants, Mayor Horrigan, Chief Ball and the City of Akron, by and through undersigned counsel, and hereby submit their Memorandum of Law in response to the Court's August 1, 2019 Order (Doc. # 37). The Memorandum of Law is attached hereto.

Respectfully submitted,

Eve V. Belfance
Director of Law


/S/ Michael J. Defibaugh_____
John Christopher Reece - No. 0042573
JReece@akronohio.gov
Michael J. Defibaugh – No. 0072683
MDefibaugh@akronohio.gov
Assistant Directors of Law
161 S. High Street, Suite 202
Akron, OH  44308
(330) 375-2030 FAX: (330) 375-2041

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**

In the third cause of action in the First Amended Complaint ("FAC"), Nice asserts a cause of action for 42 U.S.C. §1983 First Amendment retaliation. Nice contends that the retaliatory conduct taken against him by Horrigan was "pressuring [Nice] to resign…using Horrigan's influence to instigate a bogus criminal investigation into [Nice]," that resulted in an "unjust" and "meritless" prosecution. (FAC, ¶¶24, 39, 41).[1] In *State of Ohio v. Nice*, No. 2018-01-0127, Nice was convicted of Attempted Unlawful Use of Property in violation of Ohio Rev. Code §§ 2913.04(C) and 2923.02, a first-degree misdemeanor. (Doc. No 29, Motion to Quash). Therefore, if Nice were to succeed in his First Amendment retaliation claim, the jury would necessarily have to determine that Horrigan instigated a bogus criminal investigation that precipitated an unjust and meritless prosecution. That judgment in favor of Nice on the lawfulness of the criminal process would bring into question the validity of his state criminal conviction. Under the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994), Nice's claim for damages for First Amendment retaliation cannot proceed in this Court because he cannot show that his conviction has been reversed or vacated.

II.  **LAW AND ARGUMENT**

Nice's First Amendment retaliation claim (Third Cause of Action) against Horrigan is barred under *Heck v. Humphrey, supra*.

---

[1] In Nice's Brief he asserts an alternative retaliatory act – defamation. It is true that in this Circuit defamatory statements motivated at least in part by a person's exercise of their First Amendment rights can be, but are not always legally sufficient standing alone for a claim of adverse action. But, Nice did not plead it that way in his FAC. Paragraphs 28-34 of the FAC truly plead the underlying facts in support of Nice's state law causes of action of defamation and invasion of privacy in the First and Second Causes of Action. There is not a single mention of "retaliation" in those allegations.

In order to establish a prima facie case of First Amendment retaliation, Nice must prove that:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). However, the Supreme Court in *Hartman v. Moore*, 547 U.S. 250, 261 (2006) distinguished between an "ordinary" retaliation claim and a claim for retaliatory inducement to prosecute. The Supreme Court reasoned,

A…[claim] for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute[.] Instead, the defendant will be a nonprosecutor, an official, like an inspector ... who may have influenced the prosecutorial decision but did not himself make it, and the cause of action will not be strictly for retaliatory prosecution, but for successful retaliatory inducement to prosecute. The consequence is that a plaintiff ... must show that the nonprosecuting official acted in retaliation, and must also show that he induced the prosecutor to bring charges that would not have been initiated without his urging.

547 U.S. at 261-62. Thus, where a plaintiff brings a First Amendment retaliation claim against a nonprosecuting official alleging facts supporting a retaliatory inducement to prosecute claim, the plaintiff must establish the absence of probable cause for the underlying criminal charge. *Hartman*, at 261. In *Hartman*, the Supreme Court found,

Demonstrating that there was no probable cause for the underlying criminal charge will tend to reinforce the retaliation evidence and show that retaliation was the but-for basis for instigating the prosecution, while establishing the existence of probable cause will suggest that prosecution would have occurred even without a retaliatory motive.

*Id.* at 261. Therein lies the *Heck* problem confronting Nice's First Amendment retaliation claim.

In *Heck v. Humphrey*, *supra*, the Supreme Court considered whether a §1983 claim could proceed if the allegations supporting that claim implied the invalidity of the plaintiff's prior

3

conviction. The Court found that allowing recovery on those grounds in the absence of a challenge to the conviction itself would allow the plaintiff to improperly collaterally attack his conviction. *Id.* at 480-83. Section 1983 does not allow for such collateral attacks, and a §1983 claim is precluded if a judgment in favor of the plaintiff on the claim "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 486-87. Thus, under *Heck,* when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the state court decision has been invalidated. *Heck,* 512 U.S. at 486–87. Where a plaintiff's §1983 claim "squarely challenges" the underlying factual basis for the criminal conviction, said claim is barred under *Heck*. *Parvin v. Campbell,* 641 Fed.Appx. 446, 450 (6th Cir. 2016).

In *Rodriguez v. City of Stockton*, E.D. Cal. No. S-10-0204, 2012 WL 174935 (E.D. Cal. Jan. 20, 2012), the court found that *Heck* barred the plaintiff's First Amendment retaliatory inducement to prosecute claim based on *Hartman, supra*. The court succinctly reasoned,

> *Hartman*…did not contain any issues emanating from *Heck*, but *Hartman* controls this case insofar as plaintiff must plead and prove there was no probable cause for his arrest and prosecution. The litigation of probable cause to arrest and prosecute the plaintiff would necessarily center on the lawfulness of the underlying criminal conviction. Such a case would, in effect, re-litigate plaintiff's conviction on all five of the counts on which he was found guilty at trial. *Heck* clearly forbids such a case from going forward. *Hartman's* probable cause requirement thus lays the *Heck* bar squarely in front of plaintiff's allegations and prevents him from stating a cognizable claim of retaliation against the defendants.

*Id*. at *5. Nice contends that the retaliatory conduct taken against him by Horrigan was "pressuring [Nice] to resign…using Horrigan's influence to instigate a bogus criminal investigation into [Nice]," that resulted in an "unjust" and "meritless" prosecution. (FAC, ¶¶24, 39, 41). These allegations unmistakably allege a claim of retaliatory inducement to prosecute Nice and "squarely challenge[]" the underlying factual basis for his criminal conviction. Similar

4

to *Rodriguez*, for Nice to succeed on his First Amendment retaliatory inducement to prosecute claim, he must litigate whether probable cause existed to charge and prosecute him as required by *Hartman*. Such re-litigation of probable cause implicates the lawfulness of his conviction. As such, any finding by this Court or the jury that there was a lack of probable cause to charge and prosecute Nice would imply the invalidity of his state court conviction. *See Jackson-El v. Winsor,* 986 F. Supp. 440, 444 (E.D. Mich. 1997)(challenging underlying discipline in a First Amendment retaliation claim barred by *Heck)*. Accordingly, since Nice cannot show that his conviction has been reversed or vacated, his First Amendment retaliatory inducement to prosecute claim against Horrigan is barred by *Heck*.

### III. CONCLUSION

For the aforementioned reasons, Nice's First Amendment retaliation claim is barred by *Heck* because he would be required to re-litigate probable cause of the underlying prosecution and conviction and cannot show that his conviction has been reversed or vacated. Any finding by this Court or the jury that Nice's criminal charges lacked probable cause would imply the invalidity of his state court conviction. Dismissal is warranted.

        Respectfully submitted,


        Eve V. Belfance
        Director of Law



        /S/Michael J. Defibaugh_____
        John Christopher Reece - No. 0042573
        JReece@akronohio.gov
        Michael J. Defibaugh – No. 0072683
        MDefibaugh@akronohio.gov
        Assistant Directors of Law
        161 S. High Street, Suite 202
        Akron, OH  44308
        (330) 375-2030 FAX: (330) 375-2041

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing Memorandum was filed electronically on this 30th day of August, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    /S/ Michael J. Defibaugh_____
    Michael J. Defibaugh - No. 0072683