UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NICE, | ) | CASE NO. 5:18-cv-1565 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's second amended complaint asserting four state law causes of action. (*See* Doc. No. 66.) For the reasons that follow, this action is dismissed pursuant to Fed. R. Civ. P. 12 for lack of subject-matter jurisdiction.

The above-captioned case was filed on July 10, 2018 by former City of Akron Police Chief, James Nice ("Nice"), asserting one cause of action pursuant to 42 U.S.C. § 1983 and four causes of action under Ohio state law. (*See* Doc. No. 1.) The complaint stated that this Court had jurisdiction "pursuant to 28 U.S.C. §§ 1331 and 1343, as [the] action involves federal questions and issues regarding the deprivation of [p]laintiff's civil rights under Section 1983." (*Id.* ¶ 11.) Further, Nice asserted that the Court had "supplemental jurisdiction over [p]laintiff's related claims arising under Ohio law…." (*Id.*)

Nice amended his complaint, with leave, on December 27, 2018. (Doc. No. 16) The first amended complaint added, among other things, one count of civil conspiracy

under Ohio law. (*Id.* ¶¶ 79–83.) Jurisdiction was, however, still based on "federal questions and issues" related to Nice's § 1983 claim. (*Id.* ¶ 12.) Defendants, City of Akron, Mayor Daniel Horrigan, and Akron Police Chief Kenneth Ball (collectively, "defendants") filed an answer to the first amended complaint on January 10, 2019 (Doc. No. 17) and the case proceeded in accordance with the Court's case management plan and trial order. (*See* Doc. No. 12). The parties conducted discovery, which included taking numerous depositions. (*See* Doc. No. 36.)

On March 5, 2020, the Court granted defendants' motion to hold in abeyance summary judgment briefing on Nice's state law causes of action "pending the Court's consideration and ruling on [Nice's] federal claim under 42 U.S.C. § 1983…." (Doc. No. 47 at 340, non-document order dated March 5, 2020.) After completing discovery, defendants moved for summary judgment on Nice's § 1983 claim. (Doc. No. 56.) While defendants' motion for summary judgment was pending, Nice filed a motion to amend his complaint "to omit [his] claim for First Amendment retaliation against all [d]efendants…." (Doc. No. 65.) Nice's unopposed motion was granted (non-document order dated May 29, 2020) and Nice filed his second amended complaint on June 2, 2020 (Doc. No. 66). The second amended complaint, omits Nice's sole federal claim under § 1983, and asserts four causes of action under Ohio state law.[1] (*Id.* ¶¶ 38–63.) As such, Nice's previously asserted jurisdictional hook—federal question jurisdiction—is no longer applicable.

---

[1] The Court notes that Nice's second amended complaint—in contract to his previous complaints—does not include a statement of the grounds for the Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). (*compare* Doc. Nos. 1, 16, *with* Doc. No. 66.)

2

Subject-matter jurisdiction is "a threshold question in every case brought in federal court." *Hardy v. Engler*, No. CIV.02-70961, 2002 WL 1480814, at *1 (E.D. Mich. June 28, 2002) (citation omitted). As such, when the parties fail to address jurisdictional issues, courts are required to consider subject-matter jurisdiction *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012). If a district court "determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Because Nice no longer asserts a federal cause of action, and because diversity jurisdiction is not applicable (as both Nice and the defendants are residents of Ohio), this Court does not have subject-matter jurisdiction over this case.

Therefore, the Court *sua sponte* dismisses this action, without prejudice, against all defendants for lack of subject-matter jurisdiction.

**IT IS SO ORDERED**.

Dated: June 4, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**